UNITED STATES of America, Plaintiff–Appellee,

v.

Devon PINTO, Defendant–Appellant.

UNITED STATES of America, Plaintiff–Appellee,

v.

Alex McCLYMONT, Defendant–Appellant.

UNITED STATES of America, Plaintiff–Appellee,

v.

Tyrone Vincent GEORGE, Defendant–Appellant.

UNITED STATES of America, Plaintiff–Appellee,

v.

Dexter Travis EDGEHILL, Defendant–Appellant.

Nos. 89–5180, 89–5182, 89–5183 and 89–5195.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 9, 1990.

Decided May 24, 1990.

---

Arcangelo Michael Tuminelli, Shirley Marie Watts, Asst. Federal Public Defender, Baltimore, Md., for defendants-appellants.

Katherine Jacobs Armentrout, Asst. U.S. Atty., Baltimore, Md., for appellee.

Fred Warren Bennett, Federal Public Defender, John M. Hassett, Edward Smith, Baltimore, Md., on the brief, for defendants-appellants.

Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., on the brief, for plaintiff-appellee.

Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.

WILKINS, Circuit Judge:

Devon Pinto, Alex McClymont, Tyrone Vincent George, and Dexter Travis Edgehill were convicted by a jury of possession with the intent to distribute, conspiracy to distribute, and conspiracy to possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base. 21 U.S.C.A. §§ 841(a)(1) & (b), 846 (West 1981 & Supp. 1990). On appeal their primary contentions are that they were denied due process because the term "cocaine base" as used in section 841 does not include the substance crack and that the district court erred in admitting certain bail bond documents into evidence. We affirm.

### I.

On December 6, 1988, Keith L. Brown and Lakeesha Free were arrested at Washington National Airport upon arrival from New York City. A quantity of crack was seized incident to this arrest and Brown later told authorities that it was to be delivered to an individual known as "D" (later identified as Pinto) who headed a Jamaican drug gang. Pursuant to a plea agreement,

Brown informed investigating officers that the gang was headquartered at a certain apartment in Landover, Maryland, and that he had observed drugs and firearms on the premises. A search warrant was issued and during its execution all four appellants were found in this apartment along with, *inter alia,* three guns, $5,700 in cash, and over 300 grams of crack.[1]

### II.

 In pertinent part, section 841(b) states:

(b) Penalties

... [A]ny person who violates subsection (a) of this section shall be sentenced as follows:

(1)(A) In the case of a violation of subsection (a) of this section involving—

....

(ii) 5 kilograms or more of a mixture or substance containing a detectable amount of—

(I) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;

(II) cocaine, its salts, optical and geometric isomers, and salts of isomers;

(III) ecgonine, its derivatives, their salts, isomers, and salts of isomers; or

(IV) any compound, mixture, or preparation which contains any quantity of any of the substance[s] referred to in subclauses (I) through (III);

(iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;

....

such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life....

21 U.S.C.A. § 841(b) (West Supp.1990) (footnote omitted). Appellants contend that they were denied due process because the term "cocaine base" as used in section 841 does not include the substance crack. Relying on various journals and periodicals, they maintain that the term "cocaine base," in its plain everyday meaning, refers only to the white granular substance produced in Colombia. Therefore, appellants contend that the district court erred by ignoring this "plain meaning" and defining the term to include crack. Alternatively, they contend that section 841 is fatally ambiguous as applied because it fails to provide defendants fair notice that they were subject to enhanced punishment.

We have little difficulty rejecting appellants' argument. At trial, a Drug Enforcement Administration specialist and forensic chemist testified without objection that "cocaine base" is a substance containing the chemical formula $C_{17}H_{21}O_4N$ and that the substance seized from appellants' apartment bore this identical chemical formula. Other circuits faced with similar challenges have uniformly recognized that "cocaine base" includes the substance crack. *See United States v. Brown,* 859 F.2d 974, 976 (D.C.Cir.1988) ("whatever else section 841(b)(1)(B)(iii) encompasses" it certainly includes crack, "the primary target of the Narcotics Penalties and Enforcement Act"); *see also United States v. Buckner,* 894 F.2d 975, 976 n. 1 (8th Cir.1990) ("Cocaine base or 'crack' 'is any form of cocaine with [a] hydroxyl radical' in the chemical compound." (quoting *Brown,* 859 F.2d at 975–76));[2] *United States v. Barnes,* 890 F.2d 545, 553 (1st Cir.1989) ("[T]here is no question that the possession of the substance in question is specifically what Congress intended to punish. The chunks seized were the form of cocaine known as 'crack,' which was a primary target of the Narcotics Penalties and Enforcement Act of 1986.... Thus, ... the term 'cocaine base' clearly does not violate the defendant's due process rights." (footnote and citations omitted)); *United States v. Metcalf,* 898 F.2d 43 (5th Cir.1990) ("We dis-

---

1. Appellants do not claim on appeal that the search and seizure was unconstitutional or otherwise invalid.

2. *Buckner* also rejected a due process challenge to the "100 to 1 ratio" of cocaine to cocaine base in the sentencing guidelines and 21 U.S.C.A. § 841(b).

agree with Metcalf's conclusion that 'crack cocaine' is not 'cocaine base.' Numerous cases have held that crack cocaine is one type of cocaine base.").

Several circuits have also repudiated the contention that a sentence imposed under section 841 is invalid because the term "cocaine base" is undefined in the section. *See United States v. Williams,* 876 F.2d 1521, 1525 (11th Cir.1989) ("[T]hose concerned with the relevant legislation understood cocaine base to refer to crack and intended to enhance penalties for crack dealers."); *United States v. Cyrus,* 890 F.2d 1245, 1248 (D.C.Cir.1989) (rejecting fifth amendment due process-vagueness challenge to section 841 based on the failure by Congress to define the term "cocaine base"); *United States v. Reed,* 897 F.2d 351, 353 (8th Cir.1990) (rejecting due process-vagueness challenge to section 841 and the sentencing guidelines because they do not define the term "cocaine base").

■ Moreover, section 841(b) is a sentencing provision. As such, the notice required to satisfy due process is less rigorous than that applied to substantive provisions. *See, e.g., United States v. Collado–Gomez,* 834 F.2d 280, 280–81 (2d Cir.1987), *cert. denied,* 485 U.S. 969, 108 S.Ct. 1244, 99 L.Ed.2d 442 (1988). In *Collado–Gomez,* the Second Circuit tested section 841 against appellant's claim that it violated his right to due process by creating "the possibility of an enhanced penalty flowing from facts of which he may have been unaware." *Id.* at 281. Rejecting this claim, the Second Circuit observed:

> [T]he government does not have to prove that the defendant knew the specific nature and amount of the controlled substance for the enhancement provisions to apply.
>
> . . . .
>
> [T]hose who possess drugs for sale . . . must bear the risk of knowing what drugs they are dealing under [section 841]. In light of Congress's clear, unequivocal, and rational purpose, this allo-

cation of risk does not offend due process.

*Id.* at 280–81 (citations omitted).

We agree with the other circuits that have considered this and similar issues and hold that for the purposes of section 841, the term "cocaine base" includes cocaine freebase, commonly referred to as crack.

### III.

■ Malcolm G. Diggs, a Landover bail bondsman, testified that appellants, through various aliases, had made and received bail bonds issued by him. Diggs identified several bail bond applications and related documents that were subsequently introduced by the government, including a receipt found in appellants' apartment for a $1,000 cash bond paid on behalf of Pinto.

Appellants assert that the district court erred in admitting bail bond documents provided by Diggs. They contend the documents should have been excluded because the government violated Rule 16 of the Federal Rules of Criminal Procedure and an informal discovery agreement[3] by not disclosing their potential existence in advance of trial.

Rule 16(a)(1)(C) "triggers the government's disclosure obligation only with respect to documents within the federal government's actual possession, custody, or control." *United States v. Gatto,* 763 F.2d 1040, 1048 (9th Cir.1985). Here, it is undisputed that the government did not have actual knowledge of the existence, much less possession or control, of the documents until Diggs appeared in court on the second day of trial. When Diggs presented the documents to the government, it promptly disclosed them to defense counsel.[4] The district court did not abuse its discretion in admitting the documents.

### IV.

We reject the remaining contentions raised by appellants as without merit. Ac-

---

**3.** This agreement provided that the government would furnish defendants all Rule 16 information without motion.

**4.** Defense counsel did not seek a continuance.

cordingly, appellants' convictions are affirmed.

AFFIRMED.