958 F.2d 369
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Omar Alexis BRUNETTE, Defendant-Appellant.
 No. 91-5096.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 2, 1992.
Decided March 13, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR-91-66-S)
 Fred Warren Bennett, Federal Public Defender, Larry A. Nathans, Assistant Federal Public Defender, Baltimore, Md., for appellant.
 Richard D. Bennett, United States Attorney, Richard C. Kay, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Omar Alexis Brunette pled guilty to conspiracy to possess with intent to distribute cocaine base and to distribute cocaine base (21 U.S.C. § 846 (1988)) and appeals the sentence he received. His counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but representing that, in his view, there are no meritorious issues for appeal. Brunette has been notified of his right to file a supplemental brief, but has failed to exercise his right in this regard.
 
 
 2
 Brunette's argument on appeal is that the district court erred in sentencing him according to the sentencing guidelines applicable to cocaine base rather than cocaine. He contends that crack cocaine, which he conspired to sell, is not necessarily cocaine base. This contention fails for a number of reasons. First, as part of his plea agreement, Brunette stipulated that the offense involved cocaine base. The agreed-upon statement of facts attached to his plea agreement states that he offered to sell "cocaine base, commonly known as crack" to an informant. Second, the issue was not raised in the district court and appellate review has thus been waived. Finally, this Court has recently held that the meaning of "cocaine base" includes the substance commonly called "crack." United States v. Pinto, 905 F.2d 47 (4th Cir.1990). In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal.
 
 
 3
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 
 5
 AFFIRMED.