16 F.3d 413
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert MITCHELL, a/k/a Bobby Mitchell, Defendant-Appellant.
 No. 93-5166.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 16, 1993.
Decided: January 13, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Frederick P. Stamp, Jr., District Judge. (CR-92-144)
 Timothy F. Cogan, O'Brien, Cassidy, Gallagher & Thompson, L.C., Wheeling, West Virginia, for appellant.
 William D. Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, West Virginia, for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before HALL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Mitchell entered a guilty plea to one count of distribution of crack cocaine within 1000 feet of a school, 21 U.S.C.A. Secs. 841, 860 (West 1981 & Supp.1993), and one count of using and carrying a firearm in relation to a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp.1993). He was sentenced to twenty-seven months imprisonment on the distribution count, and to a consecutive sixty-month sentence on the Sec. 924(c) count. He appeals his conviction and sentence, alleging that his guilty plea was the result of ineffective assistance of counsel, and that his sentence for the drug conviction was discriminatory, disproportionate, and a violation of due process. He also asserts that Sec. 841 and the federal sentencing guidelines are void for vagueness because they do not define the term"cocaine base." We affirm.
 
 
 2
 Under surveillance, Mitchell sold a stolen firearm to a confidential informant (CI), and later the same day sold .11 grams of crack cocaine to the CI near an elementary school. During the drug sale, the CI expressed interest in buying another stolen firearm which Mitchell had with him, but Mitchell refused to sell it. According to the CI, Mitchell showed the gun to the CI during the conversation and placed the gun against the CI's head in a non-threatening manner.
 
 
 3
 Mitchell stipulated, as part of the plea agreement, that he used and carried a firearm in relation to the crack sale. He admitted the facts of both offenses at the guilty plea hearing and in his interview with the probation officer. However, he denied placing the gun against the CI's head. During the plea hearing, he informed the court through counsel that the firearm was unloaded and was used only as currency to be traded for drugs. He did not attempt to withdraw his guilty plea in the district court, nor did he object to the sentence recommended by the probation officer and ultimately imposed by the district court.
 
 
 4
 Mitchell now contends that his guilty plea was involuntary, chiefly because his attorney advised him to stipulate and plead guilty to the Sec. 924(c) count when the facts did not support it. He also alleges a multitude of other ways in which he believes his attorney was ineffective.
 
 
 5
 A challenge to a conviction based on ineffective assistance is not properly addressed on direct appeal unless ineffectiveness conclusively appears from the record of proceedings in the district court. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992); United States v. Tatum, 943 F.2d 370, 380 (4th Cir.1991). We cannot say that it does in this case. See United States v. Paz, 927 F.2d 176, 178-79 (4th Cir.1991) (presence of firearm during drug offense sufficient forSec. 924(c) conviction).
 
 
 6
 Because it was not raised below, Mitchell's claim that he was sentenced unconstitutionally is reviewed for plain error. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). His claim is foreclosed by this Court's decisions in United States v. Thomas, 900 F.2d 37 (4th Cir.1990), and United States v. Pinto, 905 F.2d 47 (4th Cir.1990). In Thomas, we held that the penalty structure ofSec. 841--which provides harsher penalties for cocaine base (crack) offenses than for cocaine offenses--does not discriminate on the basis of a suspect classification or a fundamental right and thus does not require strict scrutiny. Thomas also held that the penalty structure ofSec. 841 is rationally related to a legitimate state end, and therefore does not offend due process. 900 F.2d at 39. A sentence of less than life without parole does not require extensive proportionality analysis. Id. (following United States v. Rhodes, 779 F.2d 1019, 1028 (4th Cir.1985), cert. denied, 476 U.S. 1182 (1986)). We do not find Mitchell's twenty-seven-month sentence disproportionate to his offense.
 
 
 7
 Finally, in Pinto, we held that the term"cocaine base" has been uniformly recognized to include crack cocaine, and consequently the statute is not unconstitutionally vague. 905 F.2d at 49. Mitchell's challenge to the sentencing guidelines on the same ground is also meritless.
 
 
 8
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are
 
 
 9
 adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.