21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Cynthia Rene BAILEY, Defendant-Appellant.
 No. 93-5734.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 17, 1994.
Decided: April 5, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge. (CR-93-76)
 Romallus O. Murphy, Greensboro, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Richard S. Glaser, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Cynthia Rene Bailey, an African American, pled guilty to possession with intent to distribute more than fifty grams of cocaine base ("crack"), in violation of 21 U.S.C.A. Sec. 841(a)(1), (b)(1)(A) (West 1981 & Supp.1993) and 18 U.S.C. Sec. 2 (1988). The district court sentenced Bailey to 121 months in prison. Bailey appeals, charging that her conviction violated her constitutional right to equal protection and was based on sentencing guidelines and a statute that are void for vagueness. We find that no plain error occurred; consequently, we affirm.
 
 
 2
 Neither issue Bailey raises on appeal was asserted in the district court. Absent plain error, issues not raised and properly preserved in the lower court are waived for purposes of appellate review. United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993); United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied, 60 U.S.L.W. 6401 (U.S.1991); Fed.R.Crim.P. 52(b). The plain error standard allows appellate courts to correct errors only where a miscarriage of justice would otherwise occur. United States v. Young, 470 U.S. 1, 15 (1985). An error is plain if it " 'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.' " Id. (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).
 
 
 3
 Bailey first claims that her conviction violates the Equal Protection Clause because under the guidelines for drug offenses,* penalties for crack are more severe than penalties for cocaine powder and the majority of crack distribution offenders are black, whereas the majority of cocaine powder offenders are not. The sentences and drug equivalences in the guidelines, which establish that one gram of crack is the equivalent of one hundred grams of cocaine powder, are based on 18 U.S.C.A. Sec. 841. See U.S.S.G.Sec. 2D1.1, comment. (n.10). We have previously held that the penalty structure ofSec. 841 for cocaine and crack offenses does not violate the Equal Protection Clause. United States v. D'Anjou, F.3d # 6D 6D6D6D# , No. 93-5020, slip. op. at 13 (4th Cir. Feb. 16, 1994); United States v. Bynum, 3 F.3d 769, 774 (4th Cir.1993).
 
 
 4
 Next, Bailey argues that 21 U.S.C.A. Sec. 841 and U.S.S.G. Sec. 2D1.1 are void for vagueness because they fail to define "cocaine base." This Court has rejected such an argument, holding that "for the purposes of section 841, the term 'cocaine base' includes ... crack." United States v. Pinto, 905 F.2d 47, 50 (4th Cir.1990).
 
 
 5
 Because we find no plain error, we affirm Bailey's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1 (Nov.1992)