33 F.3d 53
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derrick R. DOWELL, Defendant-Appellant.
 No. 93-5976.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 26, 1994.
Decided: August 10, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-93-73-F)
 Elizabeth Manton, Federal Public Defender, Raleigh, North Carolina, for Appellant.
 Janice McKenzie Cole, United States Attorney, John Howarth Bennett, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Derrick R. Dowell pled guilty to possession of crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), and was sentenced as a career offender to a term of 300 months. He appeals his conviction and sentence. We affirm.
 
 
 2
 After an informant's tip, Dowell's car was stopped and a small amount of crack was found concealed on his person. State agents went to his mother's house, where he had spent the previous night, while a search warrant was being prepared. Dowell's mother, Linda Harris, consented to a search of the house, and approximately two ounces of crack were found in Dowell's sister's jacket, which was in her bedroom. Dowell later admitted that the crack was his.
 
 
 3
 Dowell attempted to suppress the crack, arguing that his mother's consent was not voluntary because the agents told her they could get a warrant to search if she refused consent, an allegation the government denied. Dowell also argued that he had a reasonable expectation of privacy in his mother's house, relying on the Supreme Court's holding in Minnesota v. Olson, 495 U.S. 91, 98-100 (1990), that an overnight guest has a reasonable expectation of privacy in his host's home which is protected by the Fourth Amendment. Dowell conceded that he did not live in his mother's house, but asserted that he stayed there regularly, had a key, and could invite visitors into the house. He contended that he was in the same position as an overnight guest. He did not assert a reasonable expectation of privacy in his sister's bedroom or in her jacket.
 
 
 4
 Without holding an evidentiary hearing on this issue, the district court held that Dowell could not challenge the legality of the search because he had no reasonable expectation of privacy in his mother's house and had even less expectation of privacy in his sister's bedroom and in her jacket. The court found that the voluntariness of Dowell's mother's consent to the search was thus irrelevant. Dowell entered a conditional guilty plea, reserving the right to raise the suppression issues on appeal.
 
 
 5
 The Fourth Amendment protects against unreasonable searches in areas where one has a reasonable expectation of privacy. United States v. Rakas, 439 U.S. 128, 143 (1978). The defendant has the burden of showing that he has a reasonable expectation of privacy in the area searched. Rawlings v. Kentucky, 448 U.S. 98, 104 (1980). The district court's legal determination that a reasonable expectation of privacy in the area searched exists is reviewed de novo. United States v. Ramapuram, 632 F.2d 1149, 1155 (4th Cir.1980), cert. denied, 450 U.S. 1030 (1981).
 
 
 6
 Under Olson, the assertions Dowell made in his motions to suppress, if accepted as fact, establish that he had a reasonable expectation of some degree of privacy in his mother's house even though he did not live there continuously. It is not clear from Dowell's pleadings whether he intended to spend another night at his mother's house, but the fact that he left two ounces of crack there indicates that he intended to return relatively soon.
 
 
 7
 However, Olson does not suggest that an overnight guest has a legitimate expectation of privacy in every area of his host's home. Dowell alleged no facts in the district court which could support a finding that he had a reasonable expectation of privacy in his sister's bedroom or in her jacket, including the right to exclude others from it. United States v. Rusher, 966 F.2d 868, 875 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992). Therefore, the district court did not err in holding on this ground that he could not successfully claim that his Fourth Amendment rights had been violated.
 
 
 8
 Dowell also challenged the constitutionality of the sentencing scheme for crack offenses in Sec. 841 and guideline section 2D1.1.* The district court correctly rejected his arguments as foreclosed by Fourth Circuit precedent. We have held that the sentences prescribed for crack offenses do not violate due process or equal protection. United States v. D'Anjou, 16 F.3d 604, 612-14 (4th Cir.), cert. denied, --- U.S.L.W. ----, 1994 WL 213323 (U.S. June 27, 1994); United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir.1990). We have found in addition that Sec. 841 is not unconstitutionally vague. United States v. Pinto, 905 F.2d 47, 49 (4th Cir.1990).
 
 
 9
 The conviction and sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)