36 F.3d 1094
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Gemare BROWN, Defendant-Appellant.
 No. 94-5045.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 25, 1994.
Decided: September, 23 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-93-398-A)
 William B. Moffitt, John Kenneth Zwerling, Lisa Bondareff Kemler, Moffitt, Zwerling & Kemler, P.C., Alexandria, Virginia, for Appellant.
 Helen F. Fahey, United States Attorney, Laura Pellatiro Tayman, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 DISMISSED.
 Before RUSSELL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Brian Gemare Brown pled guilty to one count of conspiracy to possess with intent to distribute and to distribute more than fifty grams of crack cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994). His plea agreement contained a provision in which he waived his right to appeal his sentence on any ground whatever. The district court imposed a sentence of 262 months, the low end of the guideline range. Brown then appealed, challenging the district court's determination that he was a supervisor in the offense, USSG Sec. 3B1.1(b).[1] He also attacked the statutory sentencing scheme for crack offenses as a violation of equal protection and due process and an act of genocide against African-Americans, and claimed that the term "cocaine base" is unconstitutionally vague.[2] Because Brown waived his appeal rights, we dismiss the appeal.
 
 
 2
 A defendant may waive his right to appeal his sentence if the waiver is knowingly and voluntarily made. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir.1990). To establish that the waiver is knowing and voluntary, the district court must question the defendant about the waiver provision during the Fed.R.Crim.P. 11 hearing. United States v. Wessells, 936 F.2d 165, 168 (4th Cir.1991). Here, the district court asked Brown during the Rule 11 proceeding whether he Wished to waive his appeal rights under the plea agreement. Brown responded that he did.
 
 
 3
 Brown does not challenge the validity of his waiver of appeal rights. Initially, he failed to address the issue at all. In his reply brief, Brown argues that the United States Attorney's Office in the Eastern District of Virginia includes an express waiver of the defendant's appeal rights in every plea agreement while reserving the government's right to appeal a sentence and that this practice is against public policy. Because this issue was not raised in the district court, it is not properly before us absent a showing of plain error. United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir.1993). Under the test set out in United States v. Olano, 61 U.S.L.W. 4421, 4423-24 (U.S.1993), no plain error on the part of the district court is discernible in this case.
 
 
 4
 The appeal is therefore dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 Brown unsuccessfully sought a downward departure on these grounds in the district court. We have previously rejected the same arguments against the penalties for crack offenses, either explicitly or implicitly. See United States v. D'Anjou, 16 F.3d 604 (4th Cir.), cert. denied, 62 U.S.L.W. 3861 (U.S.1994); United States v. Bynum, 3 F.3d 769 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3552 (U.S.1994); United States v. Pinto, 905 F.2d 47 (4th Cir.1990); United States v. Thomas, 900 F.2d 37 (4th Cir.1990)