59 F.3d 168
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Herbert Perry DIXON, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Leroy SMITH, Defendant-Appellant.
 Nos. 94-5318, 94-5325.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1995.
Decided June 20, 1995.
 
 Mark M. McMillin, KMETZ & MCMILLIN, Norfolk, VA; Andrew R. Sebok, Norfolk, VA, for Appellants. Helen F. Fahey, United States Attorney, Fernando Groene, Assistant United States Attorney, Norfolk, VA, for Appellee.
 Before NIEMEYER and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants, Herbert Perry Dixon, Jr., and George Leroy Smith, appeal from their convictions of and sentences imposed for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C.A. Sec. 846 (West Supp.1994).[1] Because Appellants' plea agreements contained valid waivers of their rights to appeal, we dismiss these appeals.
 
 
 2
 In their plea agreements, Dixon and Smith waived their rights to appeal their sentences on any ground whatever. During the Fed.R.Crim.P. 11 hearing, the district court accepted the pleas, finding that they were knowing, intelligent, and voluntary. Upon specific inquiry by the court, Dixon and Smith expressed their understanding of this waiver. After the district court sentenced each to 120 months on the drug charge, Dixon and Smith appealed, arguing that application of the punishment ratio of cocaine base to cocaine powder violates the Equal Protection Clause.[2] A defendant may waive his statutory right to appeal his sentence, provided the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir.1990); see Abney v. United States, 431 U.S. 651, 656 (1977). We find that Dixon and Smith knowingly and voluntarily waived their rights to appeal. They read the plea agreements or had the agreements read to them, discussed the terms with counsel, and attested that they voluntarily and knowingly entered into the plea agreements. When questioned by the court concerning the waiver of their rights to appeal, Dixon and Smith acknowledged their understanding of the waiver and persisted in their pleas.
 
 
 3
 While "a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race," Marin, 961 F.2d at 496, these are not such sentences. Defendants received the mandatory minimum sentence for the crack cocaine offenses, and the sentences were not based on the Defendants' race.[3]
 
 
 4
 Because Dixon and Smith waived their rights to appeal, we dismiss these appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 DISMISSED.
 
 
 
 [1]
 Dixon was also convicted of and sentenced for using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C.A. Sec. 924(c) (West Supp.1994)
 
 
 [2]
 We note that the sole authority upon which Appellants rely, United States v. Clary, 846 F.Supp. 768 (E.D. Mo.1994), was reversed by the Eighth Circuit in a recent published opinion. United States v. Clary, 34 F.3d 709 (8th Cir.1994)
 
 
 [3]
 This Court has previously determined that the disparity in sentences imposed for offenses involving crack cocaine as opposed to cocaine powder, is founded upon a legitimate government interest in protecting society from the greater threat posed by crack cocaine and thus does not violate the Equal Protection Clause. United States v. Wallace, 22 F.3d 84, 88 (4th Cir.), cert. denied, 63 U.S.L.W. 3266 (U.S.1994); United States v. Bynum, 3 F.3d 769, 774 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3552 (U.S.1994); United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir.1990); United States v. Pinto, 905 F.2d 47, 49 (4th Cir.1990)