60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Tyrone PUGH, a/k/a Tyke, Defendant-Appellant.
 No. 95-5016.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 22, 1995.
Decided July 14, 1995.
 
 William Cipriani, Cipriani & Paull, L.C., Wellsburg, WV, for appellant. William D. Wilmoth, United States Attorney, Sam G. Nazzaro, Asst. U.S. Atty., Wheeling, WV, for appellee.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Tyrone Pugh pled guilty to conspiracy to possess with intent to distribute and to distribute crack cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1995). He appeals his sentence of 135 months, contending that the district court erred in applying the more stringent penalty for cocaine base, or crack, rather than the penalty for cocaine, because the statute is ambiguous and the rule of lenity thus requires the lesser penalty. We affirm.
 
 
 2
 During the sentencing hearing, Pugh's attorney brought to the district court's attention a federal district court decision which held that cocaine and cocaine base are the same substance, and that Sec. 841(b) makes a "scientifically meaningless" distinction between them. The court found that the statute was thus clearly ambiguous, and applied the rule of lenity. See United States v. Davis, 864 F.Supp. 1303, 1306 (N.D.Ga.1994).
 
 
 3
 The district court which sentenced Pugh reviewed Davis, noted that no expert testimony had been presented on the issue as in Davis, and that, in any case, the penalties for crack set out in Sec. 841(b) and guideline section 2D1.1* had been upheld by this court and other circuit courts. The district court rejected Pugh's challenge to the crack penalty structure and sentenced him to the minimum sentence under his guideline range.
 
 
 4
 We find no error in the district court's decision. First, Davis is not controlling precedent in this circuit. Moreover, we have previously held that cocaine and cocaine base are distinct substances for sentencing purposes. United States v. Pinto, 905 F.2d 47, 49 (4th Cir.1990). Consequently, Sec. 841(b) is not ambiguous, and the rule of lenity does not apply. Chapman v. United States, 500 U.S. 453 (1991) (statute must be ambiguous for rule of lenity to apply).
 
 
 5
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1994)