**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4112

KAWAN HENRY PALMER, a/k/a Kawan
Williams,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Samuel G. Wilson, District Judge.
(CR-95-17)

Submitted: November 26, 1996

Decided: January 21, 1997

Before HALL and NIEMEYER, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marcia G. Shein, LAW OFFICE OF MARCIA G. SHEIN, P.C.,
Atlanta, Georgia, for Appellant. Robert P. Crouch, Jr., United States
Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney,
Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Kawan Henry Palmer was the leader and organizer of a major cocaine distribution ring in Charlottesville, Virginia. Palmer pled guilty to his role in the conspiracy and was sentenced to 262 months' imprisonment. On appeal, Palmer argues that the district court erred by finding that he was a career offender pursuant to USSG § 4B1.1,[1] that he should have received a downward departure because the career offender enhancement penalty over-represented his criminal history score, that he did not enter a knowing and intelligent plea because he did not know that he would be subject to the career offender enhancement penalty, and that the 100:1 sentencing ratio between cocaine base and powder cocaine and the statute proscribing crack cocaine[2] violated his due process and equal protection rights. Finding no error, we affirm.

The district court determines issues related solely to sentencing by a preponderance of the evidence. United States v. Engleman, 916 F.2d 182, 184 (4th Cir. 1990). These are factual findings which are reviewed only for clear error. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). In the present case, the evidence presented in the presentence report and the probation officer's testimony was sufficient to prove that Palmer had two prior felony convictions for controlled substance offenses. Palmer did not object to the probation officer's testimony, nor did he offer any evidence to refute the characterization of the prior convictions. Therefore, in the absence of any other evidence, it was not clearly erroneous for the district judge to accept the findings in the presentence report and the probation officer's testimony.

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1995).
[2] 21 U.S.C. § 841 (1994).

Defense counsel argued at trial that Palmer should be granted a downward departure on the ground that Palmer's prior convictions occurred when he was a juvenile and over-represented Palmer's criminal history. The district court denied the request and sentenced Palmer in accordance with the terms of the plea agreement.

While the district court clearly has the authority to depart downward, the decision to exercise that authority is discretionary and not subject to appellate review. United States v. Adkins, 937 F.2d 947, 951-52 (4th Cir. 1991); United States v. Bayerle , 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). This Court has recognized an exception to this general rule where the district court denies the departure because it does not believe it has the authority to depart. United States v. Fletcher, 74 F.3d 49, 56 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (No. 95-9447).

In the present case, there is nothing to suggest that the district judge believed he lacked the authority to grant a downward departure. Defense counsel specifically advised the district court of its authority in this area, and the district judge's comments to Palmer on this issue clearly show that the judge knew he had the authority to depart, but did not feel it was appropriate in this case.

We are unpersuaded by Palmer's argument that he did not enter a knowing and voluntary plea because he was not aware of his status as a career offender. Palmer was informed of the mandatory minimum and possible maximum penalties in the Rule 11[3] colloquy and in the plea agreement. Palmer was also advised that the district court could not arrive at a sentence until after it received the presentence report. Finally, Palmer was advised in an information filed prior to his guilty plea and in the plea agreement that he would be subject to an enhanced penalty if he had prior felony drug convictions and that the Government believed that such convictions existed. We are satisfied that Palmer was aware of his status as a career offender and the possible effects.

Finally, Palmer's claims that § 841 and the sentencing ratio are

_____

[3] Fed. R. Crim. P. 11.

unconstitutional are without merit. See United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923); United States v. D'Anjou, 16 F.3d 604, 612-13 (4th Cir.), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3861 (U.S. June 27, 1994) (No. 93-9131); United States v. Pinto, 905 F.2d 47 (4th Cir. 1990); United States v. Thomas, 900 F.2d 37 (4th Cir. 1990).

We therefore affirm the findings and sentence of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4