**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4402

JOSEPH ANTHONY GLENN, a/k/a
Jamaica Joe,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Chief District Judge.
(CR-94-127)

Submitted: February 27, 1997

Decided: March 13, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Jerry N. Theos, URICCHIO, HOWE, KRELL, JACOBSON,
TOPOREK, & THEOS, P.A., Charleston, South Carolina, for Appel-
lant. J. Rene Josey, United States Attorney, Mary Gordon Baker,
Assistant United States Attorney, Charleston, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Anthony Glenn pled guilty to conspiracy to distribute crack cocaine, 21 U.S.C. § 846 (1994), and received the statutory minimum sentence of ten years. He appeals his sentence, alleging that the district court erred in finding that the search of a co-defendant's residence was lawful and considering crack and powder cocaine found during the search. Glenn also contends that the court clearly erred in attributing those drugs to him as relevant conduct, USSG § 1B1.3,* and further erred in upholding the sentencing ratio for crack and powder cocaine offenses and refusing to depart because of the disparity in sentences. We affirm in part and dismiss in part.

Glenn headed a group of Jamaicans who sold crack in North Charleston, South Carolina, in 1993. The group included Glenn's two brothers, Everett and Clinton Donaldson, as well as Francis March and Lionel Gordon. March and his girlfriend lived in a duplex townhouse which was leased in her name. However, Glenn gave March money to pay the rent and other bills and the residence was used to store crack. Between December of 1993 and the end of March 1994, the defendants sold crack on numerous occasions to a confidential informant and an undercover officer. Video surveillance of March's residence disclosed that the crack sold usually was retrieved from there.

On April 16, 1994, Glenn was arrested; his residence was searched under a federal warrant. Officers found $22,000 in cash and three firearms. On the same day, March's townhouse was searched; no drugs were recovered. The residence was secured. On April 20, 1994, drug task force officers returned with a state search warrant authorizing

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

them to seize household items assumed to have been purchased with drug proceeds. One of the officers moved a pile of linens which had been pulled out of the linen closet at the top of the stairs during the first search. Underneath the linens was a paper bag; when the officer picked it up, crack and powder cocaine fell out of the bag.

Glenn entered a guilty plea to conspiracy. The probation officer recommended that he be held responsible for all the crack distributed and for the additional crack and cocaine found in March's residence. Glenn argued that the latter amounts should not be considered because their seizure was illegal in that the second search warrant did not authorize a search for drugs. He also contended that he had no connection with the drugs found in March's residence on April 20. The district court properly held against Glenn on each point raised. First, while the court found the search and seizure lawful, we note that the exclusionary rule is not applicable in sentencing proceedings, and thus the drugs in March's residence could have been considered even if they were unlawfully obtained. See United States v. Lee, 540 F.2d 1205, 1211 (4th Cir. 1976). Second, the district court did not clearly err in finding that the drugs found on April 20 had simply been missed in the first search and that Glenn was accountable for them. The evidence supported the court's finding that there was "a nexus" between Glenn and the drugs stored in March's residence, that is, that he was either directly involved with them or that their presence was reasonably foreseeable to him. See USSG§ 1B1.3(a)(1)(B).

Glenn's contention that the sentencing ratio between crack and powder cocaine offenses violates equal protection, due process, or the Eighth Amendment is without merit. See United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923); United States v. D'Anjou, 16 F.3d 604, 612-13 (4th Cir. 1994); United States v. Pinto, 905 F.2d 47 (4th Cir. 1990); United States v. Thomas, 900 F.2d 37 (4th Cir. 1990). The court's decision not to depart on this basis is not reviewable. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990).

The sentence is therefore affirmed. We dismiss that portion of the appeal which contests the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART AND DISMISSED IN PART

4