**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4971

REGINALD BOONE, a/k/a Reggie,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-92-113)

Submitted: September 30, 1997

Decided: October 29, 1997

Before WILLIAMS and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Patrick H. O'Donnell, KAUFMAN & CANOLES, Norfolk, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, Laura M.
Everhart, Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Reginald Boone was convicted by a jury of several drug trafficking and related firearms offenses. On appeal, he alleges that the evidence was insufficient to prove that the cocaine base attributed to him was "crack" cocaine pursuant to U.S.S.G§ 2D1.1,[1] as opposed to some other form of cocaine base. Finding no reversible error, we affirm.

Boone was part of a large drug conspiracy. After his trial, he appealed his convictions and sentences, and this court affirmed the convictions, but remanded the case for resentencing on the ground that the district court improperly aggregated quantities of different substances in order to yield an amount which invoked a mandatory life sentence and because the court failed to make a finding concerning Boone's status as a career offender under U.S.S.G. § 4B1.1. See United States v. Harris, 39 F.3d 1262, 1271-72 (4th Cir. 1994). On resentencing, the district court found that Boone qualified as a career offender and sentenced him accordingly. Boone again appealed, and this court affirmed his convictions except for one conviction under 18 U.S.C. § 924(c), which we vacated in light of Bailey,[2] and remanded for resentencing. See United States v. Boone, No. 95-5055 (4th Cir. Aug. 16, 1996) (unpublished). During the second resentencing hearing, Boone alleged for the first time that the Government failed to present sufficient evidence to show that the cocaine base attributable to him was crack cocaine, as opposed to some other form of cocaine base.

As a threshold matter, we find that Boone has waived this issue absent a showing of plain error, and we find no such error here. See

_____

**1** **U.S. Sentencing Guidelines Manual** § 2D1.1 (1996).
**2** **Bailey v. United States**, 116 S.Ct. 501 (1995).

2

United States v. Olano, 507 U.S. 725, 732 (1993); Fed. R. Crim. P. 52(b). During his trial, the court spoke in terms of crack cocaine. Both the presentence report and the court's findings of fact at sentencing identified the substance in question as crack cocaine. Numerous witnesses testified at trial that Boone dealt in crack cocaine, and the investigating officer identified the substance as lumpy and rock-like. Finally, the Government's chemist testified that the substance was cocaine base, which she said is commonly referred to as crack. At no time did Boone object to characterizing the substance as crack. We find that the record supports the district court's finding that the substance in question was indeed crack cocaine.

We further find that Boone's reliance on United States v. James, 78 F.3d 851 (3rd Cir.), cert. denied, 117 S.Ct. 128 (1996), and United States v. Munoz-Realpe, 21 F.3d 375 (11th Cir. 1994), is misplaced since both cases are distinguishable from this appeal. In James, the indictment charged possession of "a detectable amount of cocaine base" and the plea colloquy was ambiguous as to the exact nature of the drug. 78 F.3d at 855-56. In addition, the issue was debated at sentencing, and the district court held only that "cocaine base means crack for purposes of the guidelines" without making any factual findings. Id. at 856-57. Because of the ambiguous record and lack of factual findings by the district court, the Third Circuit found that the Government failed to prove that the substance at issue was crack cocaine and remanded for resentencing. In the present case, we find that the record was clear and that the district court made specific factual findings concerning the nature of the drugs involved.

In Munoz-Realpe, the defendant pled guilty to importation of "cocaine." He argued at sentencing that the drug at issue in his case, "cocaine base in liquid form," should be treated as cocaine powder for sentencing purposes. The Eleventh Circuit affirmed the district court's factual finding that the substance was not crack cocaine. 21 F.3d at 376-77 (cocaine base in liquid form requires further processing and can just as easily be made into powder cocaine as crack cocaine). In the present case, the drugs in question were in the form of a lumpy, rock-like substance, which is most commonly associated with crack.

Finally, even if the district court erred, we find that any error was hardly "plain." In other contexts, this court has treated "cocaine base"

3

and "crack" more or less as synonymous terms. See United States v. Fisher, 58 F.3d 96, 98-99 (4th Cir.), cert. denied, 116 S.Ct. 329 (1995); United States v. Pinto, 905 F.2d 47, 49-50 (4th Cir. 1990). We therefore affirm Boone's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

4