**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 99-4349

WILLIAM CRAWFORD, a/k/a Pop,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-124)

Submitted: March 14, 2000

Decided: April 26, 2000

Before LUTTIG and TRAXLER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Jeffrey S. Lisson, Winston-Salem, North Carolina, for Appellant.
Robert Jack Higdon, Jr., OFFICE OF THE UNITED STATES
ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Crawford appeals his conviction and sentence for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). Crawford plead guilty, and his plea agreement contained a waiver of his right to appeal his conviction or sentence, either directly or in a post-conviction collateral proceeding. The plea agreement reserved Crawford's right to appeal based upon ineffective assistance of counsel or prosecutorial misconduct. The district court sentenced Crawford to 135 months imprisonment, followed by three years supervised release and a special assessment of $100.

The Government moves to dismiss the appeal based on the waiver provision in the plea agreement. As discussed more fully below, we grant the motion to dismiss as to the claim raised in the Anders* brief filed by counsel, but deny the motion as to the claims raised in Crawford's pro se supplemental informal brief. Because the claims raised in Crawford's pro se brief are meritless, we affirm as to those claims.

Crawford's attorney offered one claim in his Anders brief: that the district court erred in failing to grant his motion for a downward departure under USSG § 3B1.2 (1998) based upon his minor role in the drug conspiracy. Crawford waived his right to pursue this claim on appeal.

We review the validity of waivers de novo. See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). We will uphold a waiver of rights if the waiver is knowing and intelligent. See United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if a district court fully questions a defendant regarding his waiver of appellate

_____

*Anders v. California, 386 U.S. 738 (1967).

2

right during the Rule 11 colloquy, the waiver is valid and enforceable. See id. at 167-68.

During the Fed. R. Crim. P. 11 colloquy, Crawford was placed under oath, the United States summarized the plea agreement (including the waiver of appellate rights), and Crawford stated that he understood the waiver. In response to the district court's inquiry, Crawford stated that he had reviewed the plea agreement with his attorney and was satisfied with the services of his attorney. The waiver is therefore valid. See Wessells, 936 F.2d at 167-68. Thus, we dismiss the appeal as to this claim.

Crawford's pro se supplemental brief advances several grounds for appeal, none of which has been waived by the terms of his plea agreement.

Crawford claims that his trial counsel was ineffective for: failing to object to certain provisions of his pre-sentence report; failing to advance Crawford's version of his involvement in the conspiracy; and failing to argue the unconstitutional vagueness of 21 U.S.C.A. § 841 (West 1999). However, a claim of ineffective assistance of counsel is more appropriately raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 1999). See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). This court will not review claims of ineffective assistance of counsel on direct review absent conclusive evidence of ineffectiveness from the face of the record. See United States v. Hoyle, 33 F.3d 415, 418-19 (4th Cir. 1994). None of Crawford's ineffective assistance claims are conclusively established on the face of the record. Accordingly, we affirm as to these claims.

Crawford's final claim is that because cocaine base has never been properly scheduled as a controlled substance, the district court lacked jurisdiction to convict him. Appellate review of proper subject matter jurisdiction cannot be waived by the litigants. See United States v. Griffin, 303 U.S. 226, 229 (1938); Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244, 247 n.7 (4th Cir. 1994). Although this claim can not be waived by Crawford's plea agreement, it has no substantive merit. See United States v. Deisch, 20 F.3d 139, 150-51 (5th Cir. 1994); United States v. Pinto, 905 F.2d 47, 49 (4th Cir. 1990). Therefore, we affirm as to this claim.

3

As this is an <u>Anders</u> appeal, we have thoroughly reviewed the record, including the transcripts of the Rule 11 and sentencing hearing and the pre-sentence report, and find no reversible error. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If Crawford requests that a petition be filed but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Crawford. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, DISMISSED IN PART</u>

4