**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 03-4418

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JONATHAN CARNELL WILLIAMS,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CR-99-346-PJM)

---

Submitted:  August 22, 2005          Decided:  October 6, 2005

---

Before LUTTIG and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

---

Idus J. Daniel, Jr., LAW OFFICE OF IDUS DANIEL, Washington, D.C., for Appellant.  Thomas M. DiBiagio, United States Attorney, Bryan E. Foreman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jonathan Carnell Williams was charged with one count of possession with intent to distribute five grams or more of cocaine base, commonly known as crack, on July 14, 1999 (Count One); possession with intent to distribute 50 grams or more of cocaine base on July 15, 1999 (Count Two), possession with intent to distribute marijuana (Count Three), knowing possession of a firearm with an altered or obliterated serial number (Count Four), and possession of a firearm by a convicted felon (Count Five). At the close of the Government's evidence, the district court granted Williams' motion to dismiss for lack of evidence the charge regarding a firearm with an altered or obliterated serial number (Count Four). The court also reduced Count Three to simple possession of marijuana. The jury acquitted Williams of all counts with the exception of Count One. On appeal, Williams contends the following: (1) his sentence, based in part on facts from the dismissed and acquitted counts, violates the rules announced in United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 542 U.S. 296 (2004); (2) 21 U.S.C. § 841 (2000) is unconstitutional as a result of Apprendi v. New Jersey, 530 U.S. 466 (2000); (3) Section 841 is void for vagueness; (4) the evidence was insufficient to establish that the seized contraband was crack cocaine; and (5) the district court abused its discretion admitting the contraband as evidence because a link in the chain of custody

- 2 -

was not established. While we affirm the conviction, we find the sentence violates the rules announced in <u>Booker</u> and <u>Blakely</u>.

The evidence at trial established that law enforcement authorities arrested Williams as he was about to transact a drug sale. Seized from his person were two small baggies containing cocaine base. Williams contends § 841 is unconstitutional in light of <u>Apprendi</u> because the penalty provision cannot be severed from the rest of the statute. Because Williams did not raise this challenge in the district court, this claim is reviewed for plain error. <u>United States v. Olano</u>, 507 U.S. 725, 732-37 (1993) (unpreserved error may be corrected only if error occurred, that was plain, and that affects substantial rights, and failure to correct error would seriously affect the fairness, integrity, or public reputation of judicial proceedings); <u>United States v. McAllister</u>, 272 F.3d 228, 230-31 (4th Cir. 2001).

Williams relies on <u>United States v. Buckland</u>, 259 F.3d 1157 (9th Cir. 2001) ("<u>Buckland I</u>") for the proposition that the penalty provisions of § 841 are facially unconstitutional. However, this case was overruled in <u>United States v. Buckland</u>, 289 F.3d 558 (9th Cir. 2002). We find the claim is without merit because this court has held that § 841 is not facially unconstitutional. <u>McAllister</u>, 272 F.3d at 232-33. In addition, this court specifically rejected the holding in <u>Buckland I</u>. Recently, this court again rejected this argument, noting the issue

is foreclosed by McAllister.  United States v. Collins, 415 F.3d 304, __, 2005 WL 1621100, *6 (4th Cir. 2005).

Williams also contends § 841 is void for vagueness because the statute does not define cocaine base.  In addition, while Williams notes this court held cocaine base includes crack, that was under a lesser fair notice standard, citing United States v. Pinto, 905 F.2d 47 (4th Cir. 1990).  Because this issue was not raised below, review is for plain error.  Olano, 507 U.S. at 732-37.

In Pinto, this court held the term cocaine base includes crack cocaine.  This court further noted that the fact that cocaine base was undefined in the statute was of no matter because it applied only to what were then the sentencing provisions of § 841. "As such, the notice required to satisfy due process is less rigorous than that applied to substantive provisions."  Id., 905 F.2d at 50. In order for Williams to show plain error, he must establish the error is clear and obvious.  Olano, 507 U.S. at 734, United States v. White, 405 F.3d 208, 217 (4th Cir. 2005).  We note Pinto does not stand for the proposition that under a heightened fair notice standard, cocaine base does not necessarily include crack.  Because the holding in Pinto remains valid, Williams has not established the alleged error is clear and obvious. Accordingly, he cannot establish plain error.

Williams contends there was insufficient evidence to support the finding that the substance seized from his person and his home was crack cocaine. Although Williams moved for a judgment of acquittal on Count One, he moved only on the basis that the chain of custody with respect to the seized contraband was not established. Thus, review is for plain error. We find Williams failed to establish plain error. In Pinto, this court held that cocaine base includes crack cocaine. Id., 905 F.2d at 50. There is no doubt that the chemist's testimony at trial provided sufficient evidence to support the finding that the seized substances contained cocaine base. It is not clear or obvious that the evidence was insufficient to establish the presence of crack cocaine.

Williams also contends the crack seized from his person on July 14, 1999, was improperly admitted into evidence because there was a missing link with respect to the chain of custody.

Under Fed. R. Evid. 901, the admission of an exhibit must be preceded by "evidence sufficient to support a finding that the matter in question is what its proponent claims." This showing is satisfied by "sufficient proof that the evidence is what it purports to be and has not been altered in any material respect," and is not intended as an "iron-clad" rule that requires exclusion of real evidence based on a missing link in its custody. United States v. Ricco, 52 F.3d 58, 61-62 (4th Cir. 1995). The ultimate

question focuses on "whether the authentication testimony was sufficiently complete so as to convince the court that it is improbable that the original item had been exchanged with another or otherwise tampered with." United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir. 1982). Resolution of a chain of custody question rests with the sound discretion of the trial judge. Ricco, 52 F.3d at 61. In the instant case, we find the court did not abuse its discretion admitting the seized contraband. See, e.g., Howard-Arias, 679 F.2d at 365-66 (all members of the chain of custody testified except for a DEA agent who transferred the contraband from one location to another).

Finally, Williams attacks his sentence because the enhancements were based on evidence that supported the charges of which Williams was acquitted or which were dismissed. At sentencing, Williams was found responsible for at least 50 grams but less than 150 grams of crack cocaine and assigned a base offense level of 32. His base offense level was increased by 2 for possession of a weapon. The facts supporting these enhancements were not found by the jury beyond a reasonable doubt or admitted by Williams. Williams argued unsuccessfully that under Apprendi, the offense level should not be enhanced as a result of the evidence supporting the acquitted charges. Because Williams was in criminal history category VI, his sentencing range was 262 to 327 months' imprisonment. He was sentenced to 262 months' imprisonment.

In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. <u>Id.</u> at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005) (citing <u>Booker</u>, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court)).

After <u>Booker</u>, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. <u>Hughes</u>, 401 F.3d at 546. This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether the sentence violates the Sixth Amendment. <u>Id.</u> at 547 (citing <u>Booker</u>, 125 S. Ct. at 769 (Breyer, J., opinion of the Court)).

Here, the district court sentenced Williams under the mandatory federal sentencing guidelines and established a base offense level based in part on acquitted conduct and not admitted by Williams.  Without the enhancements for the drugs or firearms, Williams' offense level would have been 26.  See U.S. Sentencing Guidelines Manual § 2D1.1(c)(7) (providing for base offense level of thirty-two for offenses involving at least 5 grams but less than 20 grams of crack).  Assuming a criminal history category of VI, Williams' guideline range would have been 120 to 150 months' imprisonment.  USSG Ch. 5, Pt. A (Sentencing Table).  Because the guideline range is less than the 262-month sentence Williams received, we find the sentence violates the Sixth Amendment.[1][2]

In light of Booker, we vacate Williams' sentence and remand the case for resentencing. Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still  "consult [the] Guidelines and take

---

[1]Williams' claim regarding the calculation of his criminal history category is without merit.  In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence.  We have confirmed that Almendarez-Torres was not overruled by Apprendi, and remains the law.  United States v. Cheek, 415 F.3d 349, ___, 2005 WL 1669398, *3 (4th Cir. 2005).

[2]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Williams' sentencing.

them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546 (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in § 3553, and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

Accordingly, we affirm the conviction and vacate the sentence and remand to the district court for resentencing consistent with the rules announced in Booker and Hughes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; VACATED AND REMANDED IN PART</u>