Vacated by Supreme Court, March 24, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5004

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JONATHAN CARNELL WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Peter J. Messitte, District Judge. (8:99-cr-00346-PJM)

Submitted:  October 22, 2007       Decided:  November 13, 2007

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert C. Bonsib, MARCUS & BONSIB, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Bryan E. Foreman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Carnell Williams appeals the district court's sentence imposed after we remanded for resentencing consistent with the rules announced in United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). See United States v. Williams, No. 03-4418, 2005 WL 2464343 (4th Cir. Oct. 6, 2005) (unpublished) (affirming conviction but vacating and remanding sentence). At resentencing, the court imposed the same sentence, 262 months' imprisonment, or the bottom of the sentencing guidelines range of imprisonment. Williams claims the court erred by giving a sentence within the guidelines a presumption of reasonableness and defaulting to a guidelines sentence without giving full consideration to the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) sentencing factors. He also claims the court gave undue weight to acquitted conduct in determining his guidelines sentence. Finding no error, we affirm.

After Booker, a sentencing court must calculate the appropriate guideline range, consider that range in conjunction with the factors set forth at § 3553(a), and impose sentence. Hughes, 401 F.3d at 546-47. This court reviews a post-Booker sentence to determine whether it is "within the statutorily prescribed range" and reasonable. Id. at 547. "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir.

- 2 -

2006).  "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors."  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted), cert. denied, 127 S. Ct. 3044 (2007).  When conducting a reasonableness review, this court reviews "legal questions, including the interpretation of the guidelines, de novo, while factual findings are reviewed for clear error."  United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).  A factual or legal error can render a sentence unreasonable.  Id.

We find the district court appropriately followed the post-Booker sentencing procedure.  It determined the guidelines range of imprisonment and then considered the § 3553(a) factors. We find Williams' sentence reasonable.  We further find the court did not give undue weight to Williams' acquitted conduct.

Accordingly, we affirm Williams' sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED