**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5004

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JONATHAN CARNELL WILLIAMS,

Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 07-9289)

Submitted: May 12, 2008   Decided: June 4, 2008

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert C. Bonsib, MARCUS & BONSIB, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Bryan E. Foreman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Carnell Williams appealed the district court's sentence imposed after we remanded for resentencing consistent with the rules announced in United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). See United States v. Williams, No. 03-4418, 2005 WL 2464343 (4th Cir. Oct. 6, 2005) (unpublished) (affirming conviction but vacating and remanding sentence). At resentencing, the court imposed the same sentence, 262 months' imprisonment, or the bottom of the Sentencing Guidelines range of imprisonment. On appeal, Williams claimed the court erred by giving a sentence within the Guidelines a presumption of reasonableness and defaulting to a Guidelines sentence without giving full consideration to the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) sentencing factors. He also claimed the court gave undue weight to acquitted conduct in determining his Guidelines sentence. Finding no error, we affirmed. See United States v. Williams, No. 06-5004, 2007 WL 3390924 (4th Cir. Nov. 13, 2007) (unpublished). On March 24, 2008, the Supreme Court granted Williams' petition for writ of certiorari, vacated this court's opinion and remanded for further consideration in light of Gall v. United States, 128 S. Ct. 586 (2007).

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall, 128 S. Ct. at 597; United States v. Pauley, 511 F.3d 468, 473

- 2 -

(4th Cir. 2007). When sentencing a defendant, a district court must first properly calculate the Guidelines range. The Guidelines are "the starting point and the initial benchmark." Gall, 128 S. Ct. at 596. Next, the court should give the parties the opportunity to argue for whatever sentence they deem appropriate. The court is then instructed to consider the § 3553(a) factors in light of the parties' requests with respect to the sentence. Pauley, 511 F.3d at 473. In the Fourth Circuit, "[a] sentence within the proper Sentencing Guidelines range is presumptively reasonable." United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence). This presumption can be rebutted only by showing that the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006). The district court, however, must not presume that a sentence within the Guidelines is reasonable. Gall, 128 S. Ct. at 596-97. The court must instead "make an individualized assessment based on the facts presented." Id. at 597.

Upon review, we must first determine whether the district court committed any significant procedural error, Gall, 128 S. Ct. at 597, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on

clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Id. If we find the sentence is procedurally sound, we must next "consider the substantive reasonableness of the sentence." Id. We must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." Id.

We find the district court appropriately followed the post-Booker sentencing procedure. It properly determined the offense level and criminal history category. We find no procedural error. We further find the sentence was substantively reasonable. There is no evidence the district court considered a sentence within the Guidelines to be presumptively reasonable. We further find the court did not give disproportionate weight to the acquitted conduct which was part of the relevant conduct.

Accordingly, we affirm Williams' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -